UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KELLY COLE and VICKY COLE, husband and wife,<br><br>       Plaintiffs,<br><br>vs.<br><br>CARDEZ CREDIT AFFILIATES, LLC, an Idaho limited liability company; WILLIAM R. DALLING, CHARTERED d/b/a Dalling & Dalling; WILLIAM R. DALLING, an individual; and JOHN DOES I-X, individual employees of Cardez Credit Affiliates LLC and William R. Dalling, Chartered<br><br>       Defendants. | Case No.: 1:14-cv-00077-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) AND FOR MOTION ON THE PLEADINGS UNDER 12(c) (Docket No. 3)**<br><br>**PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS (Docket No. 8)** |

      Now pending before the Court are (1) Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) and for Motion on the Pleadings Under 12(c) (Docket No. 3), and (2) Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 8). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

      1.    Plaintiff Kelly Cole has resided in Adams County, Idaho his entire life; Plaintiff Vicky Cole has resided in Adams County, Idaho since 1982. *See* Compl., ¶ 15 (Docket No. 1). Together, the Coles have resided at their current address in Adams County since 1992. *See id.*

---

[1] For the purposes of Defendants' Motion to Dismiss and the parties' Motions for Judgment on the Pleadings only, this "Background" section accepts as true the factual allegations raised in Plaintiffs' Complaint. *See infra*.

**MEMORANDUM DECISION AND ORDER - 1**

2. In December 2002, Vicky Cole allegedly incurred a financial obligation – a credit card debt with First USA Bank – that was primarily for personal, family, or household purchases (the "Debt"). *See id*. at ¶ 12.

3. Sometime later, the Debt was purchased, consigned, placed, or otherwise transferred to Defendant Cardez Credit Affiliates, LLC ("Cardez"). *See id*. at ¶ 13. The Debt was then sent to Defendant William R. Dalling, Chartered d/b/a Dalling & Dalling (the "Dalling Law Firm") for collection efforts on Cardez's behalf. *See id*. at ¶ 14.

4. On April 10, 2006, Cardez (through the Dalling Law Firm and Defendant William R. Dalling ("Dalling")) filed a Complaint against Vicky Cole in the Seventh Judicial District of the State of Idaho, Bonneville County (the "State Court Action"). *See id*. at ¶ 16. The Coles allege that the Dalling Law Firm and Dalling filed the State Court Action knowing that (1) Vicky Cole did not reside in Bonneville County, Idaho, and (2) the Debt (and related credit card contract) was not incurred or executed in Bonneville County. *See id*. at ¶¶ 17-18.

5. Plaintiff Vicky Cole appeared *pro se* (as Defendant) in the State Court Action. *See id*. at ¶ 19.

6. On June 30, 2006, a Judgment was entered in the State Court Action against Vicky Cole in Bonneville County, Idaho (the "Judgment"). *See id*. at ¶ 20. On May 12, 2011, the Judgment was renewed by Dalling, also in Bonneville County, Idaho. *See id*. at ¶ 21.

7. On December 4, 2013, Dalling, through the Dalling Law Firm, submitted an application for a Writ of Execution on the Judgment against Vicky Cole in Bonneville County, Idaho. *See id*. at ¶ 22. According to the Coles, when Dalling submitted the application for a Writ of Execution and supporting Affidavit, he knew the Coles resided in Adams County, Idaho. *See id*.

8. On December 9, 2013, a Writ of Execution was issued from Bonneville County, Idaho, in the amount of $32,123.55. *See id.* at ¶ 23.

9. On December 16, 2013, Cardez utilized the Writ of Execution, through the Dalling Law Firm and Dalling, to garnish $1,129.13 from the Coles' US Bank checking account, located in Adams, County Idaho. *See id.* at ¶ 24.

10. The Coles allege that Defendants' actions violate numerous provisions of the Fair Debt Collections Practices Act (the "FDCPA") and the Idaho Consumer Protection Act (the "ICPA"). *See generally id.* Specifically, they contend that "Defendants' act of obtaining a Writ of Execution in Bonneville County, Idaho" violates the FDCPA's venue provision because Vicky Cole did not sign the credit card contract sued upon in Bonneville County, Idaho and, likewise, the Coles never lived in Bonneville County, Idaho. *See id.* at ¶¶ 37-38.

11. Defendants move to dismiss the Coles' claims and request judgment on the pleadings, arguing that the FDCPA's venue provision does not apply to a garnishment proceeding attendant to the Judgment in the underlying State Court Action. *See* Mem. in Supp. of Mot. to Dismiss, p. 4 (Docket No. 3, Att. 1) (citing FDCPA's venue statute and arguing: "The Coles assert that the garnishment proceeding must have been initiated in their county of residence, Adams County, Idaho. The issue for this Court to decide then is whether the statutory language "any legal action on a debt against any consumer" encompasses a writ of execution on a bank account used to satisfy a previous judgment.").

12. The Coles oppose Defendants' attempt to dismiss their claims, and have moved on their own for a judgment on the pleadings. *See generally* Mem. in Supp. of Mot. for J. on the Pleadings and Resp. to Mot. to Dismiss (Docket No. 10).

**MEMORANDUM DECISION AND ORDER - 3**

## II. DISCUSSION

**A.    Legal Standard**

FRCP 12(b)(6) motions to dismiss are appropriately granted when the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under this Rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A complaint attacked by an FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. In other words, the complaint must plead "enough facts to state a claim of relief that is plausible on its face." *Id*. at 570.[2]

**B.    The FDCPA Applies to Plaintiffs' Claims**

The FDCPA prohibits debt collectors from engaging in various abusive and unfair practices. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 947-48 (9th Cir. 2011). "The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not competitively disadvantaged; and to

---

[2] As to motions for judgment on the pleadings, the Ninth Circuit had held that FRCP 12(c) and FRCP 12(b)(6) are "functionally identical" and that the same standard applies to motions brought under either Rule. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1063 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "The principal difference between motions filed pursuant to FRCP 12(b) and FRCP 12(c) is the time of filing." *Dworkin*, 867 F.2d at 1192. Both FRCP 12 motions challenge the legal sufficiency of the claims stated in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

**MEMORANDUM DECISION AND ORDER - 4**

promote consistent state action to protect consumers." *Id*. at 948. The FDCPA is a strict liability statute, except from liability for debt collectors who satisfy the narrow bona fide error defense. *See id*. Additionally, a violation of the FDCPA's venue provision may support civil liability. *See* 15 U.S.C. § 1692k(a) ("any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ."). As to venue, the FDCPA provides:

> (a) Venue
>
> Any debt collector who brings any legal action on a debt against any consumer shall –
>
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity –
>
> > (A) in which such consumer signed the contract sued upon; or
> >
> > (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a)(2). Here, Plaintiffs allege that Defendants' post-judgement collection efforts[3] violated the FDCPA's venue provision because they were not pursued in Adams County, Idaho where they resided, but, rather, in Bonneville County, Idaho. *See* Mem. in Supp. of Mot.

---

[3] Plaintiffs' claims focus on Defendants' post-judgment conduct only. Apparently owing to the one-year statute of limitations, they do not seek relief under the FDCPA for the underlying State Court Action specifically, or contend that its corresponding judgment should be invalidated. *See* Reply in Supp. of Mot. for J. on the Pleadings, pp. 2-3 (Docket No. 14) ("Plaintiffs do not attack the validity of the original Bonneville County Judgment. . . . . Although filing the original complaint in Bonneville County is subject to the one-year statute of limitations, any collection efforts thereafter, including specifically post-judgment collection efforts, have been properly asserted in this lawsuit.").

**MEMORANDUM DECISION AND ORDER - 5**

for J. on the Pleadings and Resp. to Mot. to Dismiss, p. 5 (Docket No. 10) ("Defendants' actions of obtaining a writ of execution and garnishment in Bonneville County Violate the FDCPA venue provision. . . . . At a minimum, Defendants violated the venue provision on December 4, 2013, when Defendants applied for a Writ of Execution in Bonneville County, and subsequently utilized that Writ of Execution to garnish the Coles' bank account.").

Defendants do not dispute the place of their post-judgment collection actions; instead, they simply argue that the FDCPA's venue provision does not apply because such conduct was not "against any consumer" as those terms are used in 15 U.S.C. § 1692i(a)(2). *See generally* Mem. in Supp. of Mot. to Dismiss, pp. 4-14 (Docket No. 3, Att. 1).[4] In particular, Defendants contend that garnishment proceedings are actions between a judgment creditor and the garnishee – not actions against a consumer/judgment debtor – and, thus, beyond the FDCPA's reach. *See id*. While this may be true in certain situations, the Court is not convinced this is one of them.

The starting point for the Court's consideration of the issue is *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). There, the Ninth Circuit held that an application for a writ of garnishment falls within the FDCPA's venue provision, finding in relevant part:

> By its terms, section 1692i reaches "any legal action on a debt." The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." Thus, the June 1989 stipulated judgment was entered

---

[4] For the purposes of their Motion to Dismiss/Motion for Judgment on the Pleadings only, Defendants admit that (1) they are debt collectors, (2) Vicky Cole is a consumer, (3) they brought a legal action (garnishment proceeding), (4) the legal action was on a debt (a judgment entered on the obligation to pay rising out of a consumer transaction), and (5) the debt arises out of a consumer transaction. *See* Mem. in Supp. of Mot. to Dismiss, pp. 4-5 (Docket No. 3, Att. 1). Apart from this Motion, Defendants appear to dispute that Vicky Cole is a consumer and that the debt arises out of a consumer transaction. *See id*. At this stage, these disputed issues preclude Plaintiffs' simultaneous Motion for Judgment on the Pleadings (Docket No. 8).

**MEMORANDUM DECISION AND ORDER - 6**

> in a legal action based upon a "debt" as defined in the FDCPA. Furthermore, the definition of "debt" specifically states that it applies "whether or not such obligation has been reduced to judgment." Nonetheless, Citicorp contends that the application for a writ of garnishment is not a "legal action on a debt" for purposes of section 1692i.
>
> The plain meaning of the term "legal action" encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because "debt" includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a "legal action on a debt."

*Id.* at 1515 (internal citations omitted).

The take-a-way from *Fox* (at least as to the application of the FDCPA venue provision) is clear – *i.e.*, because "debts" under the FDCPA include obligations reduced to judgment, a debt collector's application for a writ of garnishment constitutes the bringing of a legal action on that debt. Defendants concede as much, admitting that their post-judgment collection efforts represented a legal action on a debt. *See supra*. But that only goes so far, according to Defendants, who contend that the court in *Fox* did not take the next step and address the "against any consumer" element also found in 15 U.S.C. § 1692i(a). *See* Mem. in Supp. of Mot. to Dismiss, p. 5 (Docket No. 3, Att. 1) ("The *Fox* case stands for the proposition that a garnishment is a "legal action," but the *Fox* analysis is inconclusive.").[5] As part of that more nuanced

---

[5] *Fox* did not speak to 15 U.S.C. § 1692i(a)'s "against any consumer" clause; hence, some have attempted to distinguish the holding. However, the Ninth Circuit said in *Fox*:

> Moreover, the purpose of the venue provision supports our rejection of an enforcement-action exception. . . . Congress was concerned about *consumers* having to defend against suits in "distant or inconvenient" courts. *Consumers* face similar burdens in defending against enforcement actions. Here, for example, had the writ not been quashed, *the Foxes* would have had to move for its quashing or defend against the amount of garnishment in a distant court. We find no indication that Congress intended to exclude enforcement actions, entailing the same concerns as initial adjudications, from the venue provision. Accordingly, we conclude that such actions are subject to section 1692i.

*Fox*, 15 F.3d at 1515 (internal citations omitted, emphasis added). Perhaps the Circuit court simply presumed that the at-issue writ of garnishment was so obviously "against" the Foxes that

**MEMORANDUM DECISION AND ORDER - 7**

analysis, Defendants cite to several post-*Fox* federal district court cases for the proposition that a garnishment action flowing from a writ of execution – even though a legal action on a debt – is not *against a consumer*. *See id*. at pp. 5-12.

In one such case, *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376 (M.D. Ga. 2001), the defendant pursued an underlying collection action in Athens-Clarke County, Georgia against the plaintiff for unpaid medical bills, resulting in a consent judgment in the amount of $3,519.36. *See id*. at 1377-78. When the plaintiff did not pay the judgment, the defendant initiated a garnishment action against the plaintiff's employer, but this time in a different Georgia locale – Oconee County. *See id*. at 1378. Even though the parties reached an agreement and another consent order was entered, the plaintiff sued the defendant for an alleged violation of the FDCPA venue provision based on the defendant filing the garnishment action in Oconee County. *See id*. The district court granted the defendant's motion for summary judgment, reasoning:

> The relevant language at issue in this case is the following introductory clause: "Any debt collector who brings any legal action on a debt *against a consumer* . . . ." The Court finds that the statutory language is clear in that the statute applies only to legal actions which are brought against a consumer. Thus, the Court must determine whether the garnishment action in this case was brought against the consumer or against another party.
>
> The Official Code of Georgia sets forth specific procedures that must be followed in a garnishment proceeding. The Court notes that under Georgia garnishment law, "a garnishment proceeding is an action between the plaintiff [judgment creditor] and the garnishee." The judgment debtor may become a party to the proceeding by filing a traverse to the plaintiff's affidavit; however, the judgment debtor is not a party to the garnishment. Thus, as required by the Georgia code, the garnishment action in this case was an action by the

---

no discussion was necessary. Regardless, this possibility does not independently drive this Court's consideration of the parties' respective motions here.

**MEMORANDUM DECISION AND ORDER - 8**

> judgment creditor against the garnishee, and not against the consumer. Accordingly, the Court does not believe that the garnishment action violates the FDCPA venue provision.

*Id*. at 1380 (internal citations omitted, emphasis in original).

In other words, the federal trial court looked to Georgia state law for guidance in deciding whether the garnishment action was against the plaintiff/judgment debtor or against some third party garnishee. The court concluded the case was brought against the latter, even though "the debtor is ultimately affected by these actions." *Id.* The court acknowledged the potential tension between its ruling and the FDCPA's venue provision, but emphasized that "in enforcement actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained." *Id*. at 1380-81.

Critical, then, to the district court's decision was the fact that the original action was pursued in the proper venue before state law was considered to determine how judgments could be enforced alongside (and potentially notwithstanding) the FDCPA. Indeed, the court went on to say:

> *The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision*. The Court believes that the Federal Trade Commission's commentary on this issue supports the Court's analysis. The FTC considered the venue provision and commented that "*[i]f a judgment is obtained in a forum that satisfies the requirements of the section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum*." Although the FTC commentary is non-binding, the Eleventh Circuit has noted that in interpreting the FDCPA, the commentary should be given considerable weight.

*Id*. (internal citations omitted, emphasis added). Therefore, under *Pickens*, so long as the underlying proceeding that generates a subsequent enforcement/collection action is brought in an appropriate venue under the FDCPA, courts can (and arguably should) look to state law to

**MEMORANDUM DECISION AND ORDER - 9**

determine whether a legal action on a debt – e.g., an enforcement/collection action – is "against" a consumer/judgment debtor or some other third party.

Similarly, in *Smith v. Solomon & Solomon, P.C.*, 887 F. Supp. 2d 334 (D. Mass. 2012), the New Bedford District Court entered a default judgment against the plaintiff consumer in a state court action filed by the defendant debt collector to recover a consumer debt. *See id*. at 336. The defendant then brought a second state action in Attleboro District Court, seeking to collect on the default judgment by attaching the plaintiff's wages via the trustee process. *See id*. Subsequently, the judgment debtor filed an FDCPA claim against the defendant debt collector in federal court, alleging that the defendant violated the FDCPA's venue provision when it brought the Attleboro suit in a district other than the one in which the plaintiff resided or where she signed the underlying contract. *See id*. at 336-37. Describing the question as "whether Massachusetts' trustee process is a legal action 'against the consumer' and hence subject to the FDCPA's venue provision," the federal district court, like the *Pickens* court, relied on state law to dismiss the FDCPA case:

> In Massachusetts, trustee process is governed by statute, and venue in district court for such proceedings is limited in that, "[n]o person shall be held to answer as a trustee in an action in a district court . . . in any county other than that where he dwells or has a usual place of business . . . ." Specific procedures for seeking trustee process are detailed in Rule 4.2 of the Massachusetts Rules for Civil Procedure.
>
> It is clear that the remedy sought by a plaintiff in a Massachusetts' trustee process action is to compel the employer-trustee to act. That is, the plaintiff in such proceedings is seeking to have the court *order the trustee* to redirect the monies it owes to the employee-judgment debtor to the judgment creditor in order to satisfy the underlying judgment debt. It is the employer-trustee who is served with the summons, who is subject to the court's jurisdiction, who must answer the summons, and against/or whom judgment will be rendered. Thus, the Court finds that it is clear that Massachusetts' trustee

**MEMORANDUM DECISION AND ORDER - 10**

process is a legal action directed against the third-party trustee, not the consumer. . . . .

The FDCPA statutory language is clear in that the venue provision applies only to legal actions "against the consumer." Having determined that trustee process in Massachusetts is an action against a third-party trustee and not the consumer, [the plaintiff's] complaint fails sufficiently to allege that the defendants initiated a legal action against a consumer in violation of the FDCPA's venue provision, and it should be dismissed.

*Id*. at 338 & 340 (internal citations omitted, emphasis in original).

Significantly, as in *Pickens*, the federal court also was persuaded that the plaintiff *already* had her "day in court," given that venue was proper in the original New Bedford suit:

The subsequent hearing provides the judgment debtor with an opportunity to be heard by the court prior to the court's approval of the order for attachment and issuance of the summons to the trustee. While the judgment debtor certainly has an interest in the hearing, construing this procedural step as an action "against the consumer" would require judicial stretch. *The judgment debtor has already had her day in court. In the underlying New Bedford suit, defendants comported with the venue requirement, assuaging any Congressional concern regarding "forum abuse" when "debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear. As a result, the debt collectors obtains a default judgment and the consumer is denied his day in court."*

*Id*. at 340 (internal citations omitted, emphasis added). So, again, under *Smith*, an examination of state law is appropriate for the purposes of determining whether an enforcement action is against a consumer or a third party under the FDCPA's venue provision, but only when the underlying judgment is the product of an FDCPA-compliant claim.[6]

---

[6] On appeal, the First Circuit affirmed the district court's decision, confirming that, "[f]undamentally, . . . a Massachusetts trustee process action is geared toward compelling the *trustee* to act, not the debtor." *Smith v. Solomon & Solomon*, 714 F.3d 73, 76 (1st Cir. 2013) (emphasis in original). Further, as to the import of having a judgment entered in a proper venue vis à vis an FDCPA challenge to a later enforcement action, the First Circuit commented:

We find no conflict between the state statutory scheme and the FDCPA. The Congressional concern underlying the FDCPA venue provision was that a debt

**MEMORANDUM DECISION AND ORDER - 11**

Hence, even if there is some arguable uncertainty in the *Fox* decision as to whether the FDCPA venue provision applies to a post-judgment enforcement action pursued against a consumer, subsequent cases have attempted to fill that void. According to Defendants, those cases require that state law dictate against whom an enforcement action is brought and, like Georgia state law in *Pickens* and Massachusetts state law in *Smith*,[7] Idaho state law provides that such actions are not against the judgment debtor/consumer, but against the third party garnishee. *See* Mem. in Supp. of Mot. to Dismiss, p. 12 & 14 (Docket No. 3, Att. 1) ("The Idaho

> collector would file in an inconvenient forum obtain a default judgment, and thereby deny the consumer an opportunity to defend herself. That concern is not present in the case of a post-judgment enforcement proceeding under Massachusetts trustee process law. *The original suit to collect on the debt occurred in a forum that was convenient for [the plaintiff], and she had an opportunity to defend against it. She was not, in the words of Congress, "denied [her] day in court."*
>
> *The Federal Trade Commission (FTC) seems to agree that the FDCPA venue provision does not control in a post-judgment enforcement proceeding like the one at issue here. The FTC's commentary to the FDCPA provides that, "[i]f a judgment is obtained in a forum that satisfies the requirements of [15 U.S.C. § 1692i], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum."* The commentary is not entitled to *Chevron* deference, but it lends further support to our conclusion today.

*Id.* (internal citations omitted, emphasis added).

[7] Defendants also rely upon *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, 2012 WL 604249 (S.D. Ohio 2012), *Schuback v. Law Offices of Phillip S. Van Embden, P.C.*, 2013 WL 432641 (M.D. Pa. 2013), and *Coleman v. Gordon*, 2011 U.S. Dist. LEXIS 146329, 1 (E.D. Wash. Dec. 12, 2011) for similar reasons. *See* Mem. in Supp. of Mot. to Dismiss, pp. 7-12 (Docket No. 3, Att. 1). Notably, as to *Adkins*, Defendants point out that, although the district court there determined a garnishment action to be against the employee judgment debtor and not the employer garnishee, Ohio statutory law specifically stated as much – in contrast to the state law considered in *Pickens*, *Smith*, *Schuback*, and *Coleman* which found the opposite to be the case. *See id.* at pp. 7-8. From Defendants' perspective, the common denominator in these cases is the fact that state law answered the ultimate question of whether an enforcement action was against a consumer under the FDCPA.

**MEMORANDUM DECISION AND ORDER - 12**

garnishment statutes provide for an action against the garnishee. . . . . Idaho law is similar to the law of the jurisdictions which have concluded that a garnishment or execution is an action against the garnishee and not against the debtor. As such, the provisions of the FDCPA do not come into play.").

The instant action, however, does not require that the Court examine Idaho state law in order to decide the pending motions. Each of the cases relied upon by Defendants is premised upon the existence of a judgment debt obtained in a debt collection lawsuit where the judgment debtor had a legitimate opportunity to defend itself under the law. *See supra*. Where that has been true (that is, the existence of a judgment tethered to an action brought in a proper venue), from there – the reasoning goes – state law should control how the judgment is to be enforced and whether post-judgment enforcement efforts implicate the FDCPA's venue provision. This approach more-or-less makes sense, notwithstanding *Fox's* lack of clarity on the issue. The *ratio decidendi* breaks down, however, when the original action is first brought in an improper venue, thus leaving no direct legal mooring by which to insulate a later enforcement action from an FDCPA venue challenge. In *Pickens* and *Smith*, there existed such a protective keystone; in this case, it does not exist.

Plaintiffs' Complaint alleges that the State Court Action was improperly filed in Bonneville County, Idaho. A review of the record suggests it should have been brought in either Adams County, Idaho or in the county where Vicky Cole signed the credit card contract (if different than Adams County). Logically, the creditor's collection efforts are impacted by these circumstances.[8] Otherwise, a debt collector can knowingly bring an action in the wrong venue,

---

[8] Although Plaintiffs may not be allowed at this point to assert an FDCPA violation against Defendants for bringing the State Action in Bonneville County, Idaho, they are not attempting to invalidate the judgment entered in the State Court Action and must contend with

**MEMORANDUM DECISION AND ORDER - 13**

secure a default judgment against a none-the-wiser debtor (changing venue before then if he absolutely must), lay low for a while so as not to prompt any FDCPA claim for what has transpired up to that point, and then initiate post-judgment collection efforts after the statute of limitations for claims that might otherwise challenge the merits of the judgment itself had run. To allow for such a scenario would run directly against the grain of the purpose of the FDCPA, and would permit an end-run around consumer protections that the FDCPA was enacted to implement.

By filing the original collection lawsuit in Bonneville County, Idaho, Defendants forced Plaintiffs to defend the State Court Action in a distant and inconvenient court, in a venue not proper under the FDCPA. Defendants created the very scenario which led to "Congressional concern regarding 'forum abuse' when 'debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear.'" *Smith*, 887 F. Supp. 2d 334, 340 (D. Mass. 2012). As a result, *Pickens* and *Smith* are distinguishable and do not apply to warrant the dismissal of Plaintiffs' claims against Defendants.[9] Of course, had Plaintiffs originally resided in Bonneville County, Idaho when Defendants initiated the State Court Action

---

being on its receiving end until it is satisfied. Therefore, the *Rooker-Feldman* doctrine does not apply to prevent Plaintiffs' claims here. Said another way: It is possible to imagine a situation – like this one – in which an alleged violation of federal law during the conduct of state litigation could cause a loss independent of the state suit's outcome.

[9] The fact that Plaintiffs may have appeared in the State Court Action but did not raise an FDCPA-related defense does not necessarily waive any subsequent FDCPA claim. *See, e.g.*, *Dexter v. Tran*, 654 F. Supp. 2d 1253, 1261 (E.D. Wash. 2009) ("As discussed at the hearing, there are three different scenarios regarding the application of the FDCPA to a state debt collection proceedings. In the first scenario, a defendant could appear and permit judgment to be entered, knowing the case was filed in the wrong venue so that act of filing the complaint violated the FDCPA. *In this scenario, the potential FDCPA claim would not be waived and could be brought in a second action.*") (emphasis added).

**MEMORANDUM DECISION AND ORDER - 14**

(but later moved to Adams County, Idaho after a judgment was entered), *Perkins* and *Smith* would more neatly apply and an examination of Idaho state law might be warranted – possibly to the effect that Defendants now argue. But that is just not what we have here.

With this in mind, the FDCPA applies to Plaintiffs' claims. Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) and for Motion on the Pleadings Under 12(c) (Docket No. 3) are denied in this respect.[10]

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) and for Motion on the Pleadings Under 12(c) (Docket No. 3) are GRANTED, in part, and DENIED, in part, as follows:

    a. Plaintiff Kelly Cole is dismissed from the action, without prejudice. In this respect, Defendants' Motions are granted; and

    b. The causes of action asserted in Plaintiffs' Complaint are not dismissed at this point in the litigation. In this respect, Defendants' Motions are denied.

---

[10] Defendants also argue that Plaintiff Kelly Cole does not have a cause of action against Defendants because "[h]e cannot be considered a debtor under the Fair Debt Collection Practices Act since he was never sued and was never the focus of a collection proceeding." Mem. in Supp. of Mot. to Dismiss, p. 14 (Docket No. 3, Att. 1); *see also* Opp. to Mot. for J. on the Pleadings and Reply in supp. of Mot. to Dismiss, p. 3 (Docket No. 11) ("Kelly Cole is not a debtor and does not have a consumer debt pursuant to the provisions of the FDCPA. There was never a cause of action against Kelly Cole by these Defendants and he is not an appropriate party to this litigation. His claim should be dismissed."). Plaintiffs do not respond to this argument. Therefore, Plaintiff Kelly Cole is dismissed from this action and Defendants' Motion to Dismiss for Failure to state a Claim Under 12(b)(6) and for Motion for Motion on the Pleadings Under 12(c) (Docket No. 3) are granted in this limited respect. If Plaintiffs believe that authority exists to name Kelly Cole as a Plaintiff in this action, they may amend their Complaint accordingly pursuant to the deadlines that will be contained in an upcoming Case Management Order.

**MEMORANDUM DECISION AND ORDER - 15**

2. Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

3. **Defendants shall submit an Answer to Plaintiffs' Complaint within 14 days of this Memorandum Decision and Order**.



DATED: **March 19, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge